## VANCE *v.* WOOD.

1. BANKS AND BANKING—JOINT ACCOUNTS—SURVIVORSHIP.

   Where a bank deposit had been made in the joint names of parent and child, there is a prima facie presumption that the deposit belongs to the latter as survivor upon the death of the former.

2. GIFTS—INTER VIVOS—EVIDENCE—MENTAL COMPETENCY—UNDUE INFLUENCE.

   In suit for accounting and injunctive relief, brought by executrix of her father's estate against her sister to recover sum which had been taken from account in joint names of plaintiff and her father some four days before he died and partly given to defendant in cash and balance deposited in joint names of defendant and the father, evidence *held*, to show father had intended to, and did, make a gift *inter vivos* to defendant, there being no persuasive testimony of incompetency on the part of the father nor undue influence upon him.

3. SAME—QUESTION OF FACT—FINDING OF COURT—BANK ACCOUNT—CASH.

   Evidence *held*, to present question of fact as to whether 85-year-old father had made a valid gift of bank account and cash to married daughter four days before his death and to support trial judge's finding that such a gift was made.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted June 7, 1945. (Docket No. 31, Calendar No. 43,030.) Decided October 8, 1945.

Bill by Alvina Vance, executrix of the estate of William Muth, deceased, against Sophia Wood and another for accounting and an injunction. Decree for defendant. Plaintiff appeals. Affirmed.

*Alexis J. Rogoski,* for plaintiff.

*Cyrus M. Poppen,* for defendant.

NORTH, J. Plaintiff's bill for an accounting and injunctive relief, after hearing on the merits, was dismissed and she has appealed.

Plaintiff, one of the daughters of William Muth, is the executrix of his estate. He died March 30, 1943, at the age of 85. He was survived by one son and three daughters. Four days before his death William Muth withdrew $2,066.89 from an account in the Muskegon Savings Bank. This was the full amount of the account which had been in the joint names of William Muth and his daughter Alvina Vance with right of survivorship. Of the money withdrawn he handed $1,000 to his daughter Sophia Wood, herein referred to as defendant. The balance of $1,066.89 he deposited in a newly-opened account in the joint names of himself and defendant, with the right of survivorship. Of the $1,000 received by defendant she deposited $500 in a new account in her own name. The balance of the $1,000 she retained and commingled it with other funds belonging to herself and her husband.

Notwithstanding the above undisputed facts, plaintiff asserts that her father did not intend to create in defendant the right to the money deposited in the joint bank account in event defendant survived her father; and plaintiff as executrix seeks a decree requiring defendant to account to the estate for the money on deposit in the joint account and the $1,000 received by defendant which defendant claims as her individual property. Plaintiff recognizes that at least as to the bank deposit in the joint names of deceased and defendant there is the *prima facie* presumption that this deposit belongs to de-

fendant as the survivor of her father. *Allstaedt* v. *Ochs,* 302 Mich. 232. But plaintiff asserts that the testimony in this case overcomes that presumption and also shows that the $1,000 handed to defendant at the bank by her father was not a valid gift *inter vivos.* The trial court held against plaintiff.

Incident to her claim as to the ownership of the money deposited in the joint bank account, plaintiff and her husband testified that shortly after the death of her father they had a conversation with defendant in which defendant stated the joint account was created as a matter of convenience in that it would enable defendant, who lived in the same household with her father, to have access to his funds for meeting his needs; and further that defendant said after the father's death the money remaining in the account would belong to plaintiff. Plaintiff testified that defendant said: "Well, Dad said that all the money went to you after death, all the money that was left." Further, plaintiff testified: "I said, 'You will have to sign it back to the estate.' I said, 'Are you willing?' She said, 'I won't have no trouble about it, but,' she said, 'I won't give you my answer now, but I will let you know later.'" Touching the foregoing conversation defendant testified: "I can't exactly remember my words because there has been so much argument over it. * * * It was about the money in the Muskegon Savings Bank, but—I don't know. I had made a statement I didn't know whether it went to me or the estate or what it was, seeing it was a joint account." In this connection it should be noted that at the time of his death William Muth had a deposit of upwards of $2,000 in the Hackley Union National Bank of Muskegon which stood in the joint names of himself and plaintiff; and this may have been a circumstance which leaves some uncertainty as to

the purport of defendant's statements made to plaintiff and plaintiff's husband. The proceeds of the Hackley Union National Bank account were withdrawn from the bank by plaintiff who claims it as her own by reason of her having survived her father. Another circumstance relied upon by plaintiff as tending to overcome defendant's right of survivorship in the Muskegon Savings Bank account is that in October, 1942, William Muth provided that all moneys on deposit in any bank at his death were bequeathed to plaintiff.

Concerning the issue as to whether there was a valid gift by William Muth to the defendant of the $1,000 above mentioned, plaintiff offered testimony tending to show that at about the same period in preceding years the father had withdrawn $1,000 from his bank account to be used to meet his incidental and current expenses during the ensuing year, and plaintiff claims that was the purpose of the withdrawal of the $1,000 which the father handed to defendant in March, 1943. Plaintiff also offered testimony to the effect that in his lifetime William Muth said: "that he never would give any money to anyone during the time he lived, because it would only cause trouble." But the defendant on the other hand, claiming it was a valid gift, offered testimony that upon receiving the money from her father she thereupon deposited $500 in the same bank in an account in her own name and that the balance of the funds she commingled with funds belonging to herself and her husband and used it as her own. Further light on this phase of the case to some extent is afforded by the testimony of the employee of the bank who was acting as teller at the time Mr. Muth closed the former joint account and opened the new joint account in the name of himself and defendant. In part his testimony is as follows:

"I got the new signature card, a new bank book, a new ledger card, and they signed them, and then he said he wanted $1,000 of the money in cash and would deposit the rest in that new account, so I gave him the $1,000 and he handed that to Mrs. Wood. * * * Well, when he gave the money to Mrs. Wood she seemed a little reluctant to take it. I don't remember his exact words, but it seems that he said, 'Go ahead, take the money.' He wanted her to have it. * * * Mrs. Wood left $500 of the money with us. She started a new account in her own name alone for the sum of $500."

It is rather difficult to conceive of any persuasive reason why, when Mr. Muth placed the balance of this account in the joint name of himself and defendant, the additional money should be withdrawn and handed to defendant and that obviously with the father's knowledge defendant thereupon deposited $500 of the money in a separate account in her own name, unless it was contemplated that this money was a present gift by the father to his daughter.

We have not herein attempted to recite all the details of the testimony. Plaintiff's husband testified that William Muth was hard of hearing, that he spoke very broken English, that his memory was not very good and that sometimes he became lost. But there is other testimony that William Muth possessed to a normal degree for one of his age his full faculties at the time of his death. There is no persuasive testimony of incompetency on the part of William Muth or of any undue influence having been brought to bear upon him which in any way affects the transactions herein involved. Clearly an issue of fact was presented as to the questions here in controversy concerning the joint bank account in the Muskegon Savings Bank and whether or not a valid gift of the $1,000 was made by her father to

defendant. Our review of the record satisfies us that the trial judge's finding, which was adverse to plaintiff, was correct. The decree entered in the circuit court is affirmed, with costs to defendant.

STARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. The late Justice WIEST took no part in the decision of this case.